949 F.2d 402
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Douglas R. FAVELL, Jr., Petitioner.
 No. 313.
 United States Court of Appeals, Federal Circuit.
 Sept. 20, 1991.
 
 On Petition for Writ of Mandamus.
 DENIED.
 Before, PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ORDER
 FRIEDMAN, Senior Circuit Judge.
 
 
 1
 Douglas R. Favell, Jr. petitions for writ of mandamus to direct Claims Court Judge Horn to disqualify herself and to direct the Claims Court to certify for immediate appeal under RUSCC 54(b) or 28 U.S.C. § 1292(d) an April 26, 1989 order of the Claims Court.
 
 
 2
 It is not clear from Favell's petition exactly what has occurred in the Claims Court or exactly what relief Favell seeks. Part of the lack of clarity stems from Favell's failure to set forth the background facts in a chronological manner or to attach all pertinent documents to his petition. However, Favell appears to be alleging improper ex parte conduct on the part of the Claims Court and on the part of counsel for the United States. He alleges that the Claims Court is hindering or preventing settlement and he appears to want a hearing scheduled for September 23, 1991 to be stayed. Additionally, Favell asks that this court review one issue of the case on the merits.
 
 
 3
 Mandamus is an extraordinary remedy to be reserved for extraordinary situations. Kerr v. United States District Court, 426 U.S. 394 (1976). The party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable. Gulfstream Aerospace Corp. v. Mayacamas Corp., 108 S.Ct. 1133, 1143 (1988). In this case, Favell has clearly not carried that burden. Favell has not even made the factual background clear. Further, and more importantly, Favell has not convinced us that this matter merits immediate attention. Any arguments that Favell wishes to make that the Claims Court decisions or conduct were improper may be raised on appeal from final judgment. Indeed, if the cases are dismissed, which is alleged to be a possibility, review may be sought in the near future.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 Favell's petition for writ of mandamus is denied.